UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRUCE LEWIS and LINDA LEWIS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No.: 1:13-cv-00043 |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | DISTRICT JUDGE WILLIAM J. |
| LLC, ) | HAYNES, JR. |
| ) | |
| Defendant. ) | |

~~PROPOSED~~ CASE MANAGEMENT ORDER *No 1 cqrn*

Pursuant to LR 16.01(d) and this Court's Order dated February 3, 2014 (Docket No. 13), the parties jointly submit this Revised Proposed Case Management Order. In accordance with the Court's Order dated February 3, 2014, the parties agree that no additional case management conference is necessary.

I.  **Jurisdiction and Venue**

Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). It is the Plaintiff's position that jurisdiction and venue exist in this case.

II. **Parties' Theories of the Case**

1.  **Plaintiff's Theory of the Case:**

At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

Between April and August 2012, Defendant placed continuous harassing telephone calls to both Plaintiffs' home and cellular telephones, sometimes receiving more that four (4) calls in a single day. Defendant's harassing collection calls originated from numbers including, but not limited to 800-772-1413. Plaintiffs always expressed a willingness to pay the alleged debt, but could not meet to the unilateral payment plan Defendant sought, as it was beyond their financial means. Plaintiffs repeatedly explained to collectors that they could not afford the demanded payment plan. Despite this, collectors continued to place repeated telephone calls to Plaintiffs' home and cellular telephones, with the content of each call being substantively the same each time. In light of the above allegations, it is believe that Defendant engaged in the above conduct in an effort to intentionally harass Plaintiffs until they changed their mind and accepted payment terms they could not afford. Plaintiff avers such conduct was unconscionable.

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692d, 1692d(5), and 1692f.

2. **Defendant Portfolio Recovery Associates, LLC's Theory of the Case:**

Plaintiffs claim that Portfolio violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by making telephone calls between April and August 2012 to collect on defaulted obligations that were incurred by Plaintiff Linda Lewis on her Wal-Mart credit card. Plaintiffs contend that Portfolio sometimes made more than four (4) calls a day and the alleged calls were made with the intent to harass, upset and coerce payments from Plaintiffs in violation of 15 U.S.C. § 1692d, 1692d(5) and 1692f of the FDCPA.

Portfolio owns the subject defaulted account but does not know the purpose for any of the unpaid charges on the account. Portfolio admits that it attempted to contact Plaintiff Linda Lewis to collect on the account but denies all other claims, including that its calls were made

with the intent to harass, upset or coerce payments in violation of in violation of 15 U.S.C. § 1692d, 1692d(5) and 1692f of the FDCPA.

Portfolio's position is that it complied with the requirements of the FDCPA sections 1692d, 1692d(5) and 1692f and Plaintiffs' claims should be dismissed.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days of the court issuing its case management order.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is concluded, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

#### C. Other Pretrial Discovery Matters

As scheduled by the Court, this action is set for a jury trial on _February 25, 2015_

If this action is to be settled, the Law Clerk shall be notified by noon, Friday, _2/21/15_. If the settlement is reached thereafter resulting in the non-utilization of

jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on Monday, *February 9, 2015*, at *3:00 p.m.* A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **September 5, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **September 5, 2014**. All discovery related motions shall be filed no later than **September 19, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **October 24, 2014**, and any response thereto shall be filed by the close of business on **June 13, 2014**. Any reply shall be filed by the close of business on **November 21, 2014**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective July 1, 2012, as amended) relating to motions for summary judgment.

4
20393958 v1
Case 1:13-cv-00043 Document 14 Filed 02/11/14 Page 4 of 7 PageID #: 57

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number.

By the close of business on **June 9, 2014**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all information specified in Rule 26(a)(2)(B).

By the close of business on **July 7, 2014**, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all information specified in Rule 26(a)(2)(B).

Any supplements to the expert reports shall be filed by the close of business on **August 4, 2014**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

5

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

It is so **ORDERED:**

**ENTERED** this the 25th day of February, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge

**APPROVED FOR ENTRY:**

*/s/ Amy L. Bennecoff*
Amy L. Bennecoff (BPR # 28563)
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
abennecoff@creditlaw.com

/s/ Michael J. McNulty
Michael J. McNulty (BPR #25974)
211 Printers Alley, Suite 601
Nashville, Tennessee 37201
Telephone (615) 829-8250
Facsimile (615) 346-5208
michael@mcnultyassociates.com

*Attorneys for Plaintiffs,*
*Bruce and Linda Lewis*

*/s/ R. Frank Springfield*
R. Frank Springfield (BPR # 025833)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000

6

20393958 v1
Case 1:13-cv-00043 Document 14 Filed 02/11/14 Page 6 of 7 PageID #: 59